IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JIMMY DON STEVENS,           )
                             )
         Plaintiff,          )
                             )
                             )    CIV-14-1214-HE
v.                           )
                             )
JOHN DOE, District Attorney, et al.,  )
                             )
         Defendants.         )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed upon filing.

In his Complaint filed October 29, 2014, in the United States District Court for the Eastern District of Arkansas and transferred to this Court on November 5, 2014, Plaintiff alleged that Defendant John Doe # 1, who is described as the District Attorney for Oklahoma County, and Defendant Oklahoma Pardon and Parole Board violated his Fifth and Fourteenth Amendment rights. The only support for these claims is Plaintiff's vague and conclusory statements that the "DA of Oklahoma County did not give Plaintiff 'due process'" when Plaintiff was sentenced on March 1, 1993, for unidentified "felony conduct" and the Oklahoma Pardon and Parole Board did not give Plaintiff "Due Process . . . in current pardon

1

process causing Plaintiff to be in constant danger . . . ." Complaint, at 7 (ECF page number 4). As relief, Plaintiff requests "Pardon granted, record expunged, tax commission records deleted." Complaint, at 8 (ECF page number 5).

With his Complaint, Plaintiff filed an application to proceed *in forma pauperis* (Doc. # 1). On November 12, 2014, the undersigned entered an Order granting Plaintiff's application and directing Plaintiff to pay an initial partial filing fee of $119.11 (representing 20 percent of the average monthly balance in Plaintiff's prison accounts for the six-month period immediately preceding the filing of the Complaint) on or before December 1, 2014, or show cause for his failure to pay this amount. To this date, Plaintiff has failed to pay the required partial filing fee.

On November 21, 2014, Plaintiff filed a pleading entitled "Response to Order Granting Leave to Proceed In Forma Pauperis. (Doc. # 11). In this pleading, Plaintiff asserts that the current balance of his inmate trust account "is a negative balance," and he is being detained on pending felony charges. Because Plaintiff has shown cause for his failure to pay the required initial partial filing fee, the Order Granting Leave to Proceed In Forma Pauperis is AMENDED to allow Plaintiff to proceed in this action without prepayment of a filing fee.

The remainder of the Order Granting Leave to Proceed In Forma Pauperis remains in effect, including the Order directing Plaintiff to make monthly payments of 20 percent of the preceding month's income credited to his prison/jail account(s) until he has paid the total filing fee of $350.00. 28 U.S.C. § 1915(b)(2).

On November 14, 2014, Plaintiff filed a Motion to Amend/Correct Complaint (Doc.

# 9), and the Motion was granted by Order entered November 20, 2014. (Doc. # 10). Plaintiff was directed to file his amended complaint on the proper form within 20 days of the date of the Order. Plaintiff has now filed a second Motion to Amend/Correct Complaint. (Doc. # 12). Plaintiff states in the Motion that he wishes to amend his Complaint with the pleading attached to the Motion. Plaintiff's Motion is GRANTED.

The pleading attached to the second Motion to Amend/Correct Complaint is therefore considered Plaintiff's Amended Complaint. Hence, the original Complaint (Doc. # 2) is superceded by the Amended Complaint. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007).

In the Amended Complaint, Plaintiff asserts that "[p]ursuant to the Federal Tort Claims Act and all Federal Statutes that apply," he "moves for a motion to compel the Estate of Victor G. Hill, Nichols Hills, Oklahoma 73116 to provide records kept by that estate to Plaintiff moves [sic] to period of discovery." Plaintiff asserts that he is also seeking to compel the discovery of "records from the District Attorney of Oklahoma County, Oklahoma, the Public Defender of Oklahoma County and the Department of Veterans Affairs Hospital, Mental Health Clinic, Oklahoma City, Oklahoma 73101. Finally, the Employee Assistance Program [sic], State of Oklahoma, Office of Personnel Management, State Capitol Complex, Oklahoma City, Oklahoma 73199." Plaintiff alleges he "intends to fully pursue and prosecute these matters and prays for the Court's guidance and jurisdiction in all matters. Without currently having access to the Federal Rules of Civil Procedure it is cumbersome." This is the entirety of Plaintiff's allegations in the Amended Complaint.

Plaintiff has failed to comply with the Order entered November 14, 2014, as he has failed to file his Amended Complaint on the proper form. Plaintiff's lack of interest in complying with the Court's Orders combined with the Court's attempt to manage and control its caseload warrant a dismissal of the cause of action without prejudice. Brandenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980)(*per curiam*).

Further, a court must screen prisoners' complaints seeking relief against a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). After conducting an initial review, the court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. See Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009)(quotations omitted).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325,

327 (1989). Thus, a frivolous complaint "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. at 325. "Examples of claims based on inarguable legal theories include those against which the defendants are undeniably immune from suit and those alleging an infringement of a legal interest that clearly does not exist." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

Plaintiff's allegations in the Amended Complaint fail to state a plausible claim for relief against any Defendant, and the Amended Complaint is frivolous. Plaintiff's Amended Complaint sets forth only conclusions without benefit of factual allegations sufficient to determine either the constitutional or federal basis or bases of his claims or whether there are facts or law that might support a plausible right to his recovery. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(internal quotations and citation omitted)("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.")(internal quotations and citation omitted). See also Martinez v. Decesaro, 427 Fed.Appx. 660, 663, 2011 WL 2516150, * 2 (10th Cir. June 24, 2011)(unpublished op.)(holding district court did not abuse its discretion by dismissing pro se litigant's complaint containing "lengthy, overly-detailed, and complex narrative and inclusion of his opinions about medical treatment and prison administration [which] made it extremely difficult to discern the facts and law that may support any right to recovery, and to discern exactly what recovery [the litigant] seeks" and which vaguely alleged only that the defendants were personally involved "if indirectly through staff who reported directly to them").

Further, a prosecutor is immune from a 42 U.S.C. § 1983 action for advocacy-related decisions in initiating a prosecution and presenting the State's case. Imbler v. Pachtman, 424 U.S. 409, 430-431 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994)("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions")(quotations omitted), cert. denied sub nom. Ritz v. Gagan, 513 U.S. 1183 (1995). This immunity extends to prosecutors' "decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." Nielander v. Board of County Com'rs of County of Republic, Kan., 582 F.3d 1155, 1164 910th Cir. 2009). This immunity is not defeated by allegations of perjury, suppression of evidence, or other wrongdoing. Esquibel v. Brian Williamson, 421 Fed.Appx. 813, 816 (10th Cir. 2010)(unpublished order)("Absolute prosecutorial immunity applies to both claims that a prosecutor willfully used perjurious testimony and claims that a prosecutor willfully suppressed evidence."). Plaintiff has failed to set forth allegations in his Amended Complaint sufficient to state a plausible claim against a present or former district attorney for Oklahoma County.

Plaintiff has also failed to allege or demonstrate that the "Estate of Victor G. Hill" acted under color of state law, and he has therefore failed to state a plausible claim for relief under 42 U.S.C. § 1983 against this purported defendant. See Conn v. Gabbert, 526 U.S. 286, 290 (1999); West v. Atkins, 487 U.S. 42, 48 (1988). Further, any defendant employed by

6

a public defender's office was clearly not acting under color of state law in their representation of Plaintiff in state court criminal proceedings. Polk County v. Dodson, 454 U.S. 312, 317-318 (1981); see Brown v. McCray, No. 03-6073, 2003 WL 22046129 (10th Cir. Aug. 29, 2003)(unpublished op.)("[A] criminal defendant's attorneys do not act 'under color of state law' for purposes of §1983 ...."). To the extent Plaintiff attempts to assert other claims, they are unintelligible and will not be addressed. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(stating that "[t]he broad reading of the plaintiff's [*pro se*] complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice for failure to comply with the Court's Orders and failure to state a claim for relief and as frivolous. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C.] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by _____December 22nd__, 2014, in accordance with 28 U.S.C.

§ 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  2nd  day of   December  , 2014.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE