IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JIMMY DON STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-14-1214-HE |
| | ) | |
| JOHN DOE, District Attorney, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff, a state prisoner appearing *pro se,* filed this § 1983 action in the United States District Court for the Eastern District of Arkansas. The case was transferred to this District and referred to Magistrate Judge Gary M. Purcell for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). He has recommended that the action be dismissed without prejudice and that the dismissal count as a "prior occasion or "strike" pursuant to 28 U.S.C. § 1915(g).

After plaintiff was granted leave to proceed *in forma pauperis* ("ifp")[1] he sought and was granted leave to amend his complaint. The magistrate judge directed plaintiff to file his amended complaint on the proper form. He failed to do so. Instead he filed a second motion to amend his complaint, attaching to the motion a document he asked the court to consider as his amended complaint (three page pleading attached to Doc. #12). The magistrate judge granted plaintiff's second motion to amend, see Doc. #13, p. 3, and

---

[1]*Although the order granting plaintiff ifp status initially required him to make an initial partial filing fee of $119.11 by December 1, 2014, Doc. #8, the court amended the order upon plaintiff's showing of cause for his failure to pay the fee and allowed him to proceed without prepayment of the fee. Doc. #13, p. 2.*

then conducted the review required by 28 U.S.C. § 1915(e)(2). He issued a Report and Recommendation on December 2, 2014, concluding that plaintiff's Amended Complaint failed to state a plausible claim for relief and was frivolous. Plaintiff filed another Amended Complaint on December 3, 2014, on the proper form [Doc. #16]. It is partly illegible and does not correct the pleading deficiencies noted by the magistrate judge. He then filed a Second Amended Complaint on December 8, 2014 [Doc. #18]. The pleading again is illegible in part. Although unclear, plaintiff appears to be claiming he was improperly terminated in 1991 by the Oklahoma Tax Commission after three consecutive days of unexplained absences. He appears to allege that he was unable to contact his employer because he had been arrested. The allegations again fall far short of what is needed to state a claim under § 1983.

On December 10, 2014, plaintiff filed a motion to dismiss. No reason is given for the requested dismissal of the lawsuit.

The case will be dismissed. However, the court will adopt the Report and Recommendation of Magistrate Judge Purcell and dismiss the action pursuant to 28 U.S.C. § 1915(e)(2) and impose a strike. Plaintiff has filed multiple amended complaints which the magistrate judge and this court have reviewed or attempted to review. They are illegible, are frivolous or at least border on being frivolous, and fail to state a claim upon which relief can be granted, even when accorded the liberal construction afforded *pro se* pleadings. Moreover, plaintiff has filed several actions in this District recently, including Stevens v. State of Oklahoma, No. CIV-13-1375-HE (W.D.Okla. December 31, 2013)

(dismissed for failure to comply with court orders) and Stevens v. Salvation Army ARC, No. CIV-14-636-F (W.D.Okla. June 18, 2014) (dismissed for failure to pay filing fee), which have been dismissed due to plaintiff's noncompliance with court orders.

Considering all these circumstances, the court concludes a strike is warranted. Plaintiff is advised that this dismissal will ripen into a "strike" under the three-strikes rule of the Prison Litigation Reform Act as soon as the time to appeal has expired or, if plaintiff appeals, in the event the court of appeals affirms this dismissal. See 28 U.S.C. §1915(g); Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir.1999).

**IT IS SO ORDERED**.

Dated this 16th day of December, 2014.

_____
                                JOE HEATON
                                UNITED STATES DISTRICT JUDGE